# Holtzman Vogel
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC

October 3, 2023

The Honorable Mark Langer
Clerk
U.S. Court of Appeals for the
  District of Columbia Circuit
333 Constitution Avenue, NW
Washington, DC 20001

      Re:   *Andrew Hanson, et al v. District of Columbia*, No. 23-7061,
            Plaintiffs-Appellants; Rule 28(j) Letter

Dear Mr. Langer,

Pursuant to Rule 28(j), Plaintiffs-Appellants Andrew Hanson, Tyler Yzaguirre, Nathan Chaney, and Eric Klun bring to the Court's attention the recent decision of the United States District Court for the Southern District of California in *Duncan v. Bonta*, No.: 17-cv-1017-BEN(JLB) (S.D. Cali. Sept. 22, 2023).

In that decision, United States District Judge Roger Benitez declared unconstitutional California's ban on Plus Ten Magazines—a ban that mirrors the District's Magazine Capacity Cap—and enjoined its enforcement. In doing so, Judge Benitez relied on the framework set forth in *NYSRPA v. Bruen*, 142 S. Ct. 2111 (2022), first determining that Plus Ten Magazines are "Arms" protected by the Second Amendment, and then determining that they are used for Self-Defense. Slip Op. at 20-26. Specifically, just as Plaintiffs-Appellants argue in this appeal, Judge

Benitez determined that Plus Ten Magazines need not be utilized to fire more than ten rounds to be protected, but rather only "regarded as *typically* possessed or carried, or *commonly* kept, by citizens to be ready for use, if needed." *Id*. at 21. Judge Benitez also determined that Plus Ten Magazines are not "dangerous and unusual," consistent with Plaintiffs-Appellants' arguments in the present appeal. *Id*. at 33-34. Finally, Judge Benitez rejected the argument that weapons "most useful in military service" can be banned. *Id*. at 34-36.

Ultimately, Judge Benitez found that there was no historical pedigree for a ban on Plus Ten Magazines. *Id*. at 37-38. This is because the question of common possession answers the historical question. *Id*. at 44. Nevertheless, Judge Benitez engaged in a separate historical examination, finding no adequate historical analogue to magazine capacity caps. *Id*. at 44-71. Judge Benitez rejected as historically analogous 18th century laws regulating bladed or melee weapons because *Bruen* specifically requires the historical analysis of firearm restrictions to be supported by historical tradition of firearms regulation—not weapons regulation generally. *Id*. at 47-49.

Just as Plaintiffs-Appellants argue in the present appeal, Judge Benitez declared the magazine capacity cap unconstitutional. His rationale mostly mirrors Plaintiffs-Appellants' in the present appeal and is instructive for this Court.

Dated: October 3, 2023

/s/ George L. Lyon, Jr.
GEORGE L. LYON, JR.
1929 Biltmore Street, NW
Washington, DC 20009

(202) 669-0442 (phone)
(202) 483-9267 (facsimile)
gll@bergstromattorneys.com

Respectfully submitted,

/s/ Edward M. Wenger
Edward M. Wenger
Dennis W. Polio
Mateo Forero-Norena
Zachary D. Henson
HOLTZMAN VOGEL BARAN
 TORCHINSKY & JOSEFIAK PLLC
2300 N Street NW, Suite 643A
Washington, DC 20037
(202) 737-8808 (phone)
(540) 341-8809 (facsimile)
emwenger@holtzmanvogel.com

*Counsel for Plaintiffs-Appellants*

cc:   All Counsel

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 3rd day of October, 2023, a true copy of the foregoing was filed electronically with the Clerk of Court using the Court's CM/ECF system, which will send by email a notice of docketing activity to the registered Attorney Filer on the attached electronic service list.

*/s/ Edward M. Wenger*
Edward M. Wenger